IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,037-01






EX PARTE JUSTIN WAYNE HICKMAN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CM-08-381-1 IN THE 278TH DISTRICT COURT


FROM LEON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to eight (8) years' imprisonment.

 Applicant alleges inter alia that his guilty plea was involuntary because of counsel's deficient
advice. Specifically, he alleges that counsel advised him that he would be sentenced to two years'
confinement if he pleaded guilty, but he was sentenced to eight years' confinement. Applicant also
alleges that he did not understand the meaning of the plea bargain papers when he signed them. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) to resolve the fact issues. 
In the appropriate case, the trial court may rely on its personal recollection. Id. The trial court shall
order trial counsel to file an affidavit addressing: (1) whether counsel advised Applicant that he
would be sentenced to two years' confinement if he pleaded guilty and, if so, why; (2) whether 
counsel believes that Applicant understood the meaning of the plea bargain papers when he signed
them and, if so, why; and, (2) whether counsel believes that Applicant's guilty plea was freely and
voluntarily entered. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
Specifically, the trial court shall make findings of fact as to whether counsel advised Applicant that
he would be sentenced to two years' confinement if he pleaded guilty. The trial court shall also
make findings of fact as to whether counsel believes that Applicant understood the meaning of the
plea bargain papers when he signed them. The trial court shall also make findings of fact as to
whether counsel believes that Applicant's guilty plea was freely and voluntarily entered. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: July 1, 2009

Do not publish